USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/6/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

RAHEEM J. BRENNERMAN,

Defendant.

No. 17-cr-337 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of a letter from the government opposing Defendant's Rule 29 motion as to the bank fraud-related objects of Count One and Count Two. In that letter, the government relies extensively on the Supreme Court's discussion of 18 U.S.C. § 1344(2) in *Loughrin v. United States*, 134 S. Ct. 2384, 2389 (2014). However, the government appears to have overlooked the Court's holding with respect to § 1344(2)'s "by means of" language, which "demands that the defendant's false statement [be] the mechanism naturally inducing a bank (or custodian)" – in this case, JP Morgan Chase – "to part with its money." *Id.* at 2394. Indeed, the Supreme Court rejected the notion that § 1344(2) constituted "a plenary ban on fraud, contingent only on use of a check [or in this case, wire transfer] rather than cash." *Id.* at 2392. As in the knock-off handbag example discussed in *Loughrin*, the involvement of JP Morgan Chase in Defendant's scheme appears to have been "wholly fortuitous, a function of the victim paying the alleged fraudster by [wire transfer] rather than cash." *Id.* at 2394. Although Justice Scalia, joined by Justice Thomas, was skeptical of the Court's "crabbed definition of 'by means of,'" *id.* at 2395 (Scalia, J., concurring), this court remains bound by the majority's holding. Like the check in the handbag swindle, the wire transfer effectuated here appears to have been "perfectly valid," and the

mere fact that JP Morgan Chase "would not have disbursed funds had the misrepresentation never occurred" seemingly fails to satisfy § 1344(2)'s "means" requirement. *Id.* at 2391, 2394.

Accordingly, the parties shall appear at 9:00 a.m. to discuss the government's theory of bank fraud pursuant to § 1344(2).

SO ORDERED.

Dated:   December 5, 2017
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE